IGNATIUS B. NEWTON *vs.* FRANCIS B. C. TURPIN AND JACOB C. WILLSON, *adm'rs of* FRANCIS TURPIN.—*June Term, E. S. 1837.*

In an action of *trover* for the value of a negro, sold, and converted by the defendant to his own use, it would be competent to him, under the plea of not guilty, to prove the right of the negro to his freedom.

The legislature of Delaware in 1787, passed a law, declaring that all slaves carried into that state, after its passage, for sale, should be free; with a proviso, that it should not extend to or affect persons removing into that state, from any other state with their families, or becoming residents thereof, &c. *Held* that persons removing into Delaware from the District of Columbia, were within the spirit and intention of the proviso, which was to encourage persons to remove with their slaves and settle in the state, and that consequently their rights of property were protected by it.

In construing a law in reference to rights of property, the same strict and literal interpretation is not adopted, as is on some occasions resorted to, in reference to grants of special limited jurisdiction.

APPEAL from *Dorchester* county court.

This was an action of *trover* for the value of a negro girl, brought on the 31st of March, 1829, by the appellant, against

55          v.8

*Francis Turpin:* The death of the defendant being suggested, his administrators were made parties, and pleaded that their intestate was *not guilty.*

At the trial of the cause the plaintiff offered evidence to sustain the issue on his part, that *Francis Turpin,* the intestate of defendants, resided in *Maryland,* and owned the said negro as his slave, who also lived in *Maryland;* that he gave the said negro slave to his daughter, who intermarried with the plaintiff; that the plaintiff after the said gift, removed and carried the said negro girl to *Georgetown* in the *District of Columbia,* and resided there for some time; and afterwards, in the year 1826, removed his family and carried the said negro girl slave into the *state of Delaware,* and there resided with his said family and the said negro girl, during the years 1826, 1827, 1828, and 1829. That some time in the year 1829, the said *Francis Turpin,* the intestate, took and sold the said girl, and converted her to his own use in *Dorchester county* in *Maryland.* The defendant on his part offered in evidence the following act of assembly of *Delaware,* duly authenticated according to the act of congress, to wit:—Act of the general assembly of the state of *Delaware,* passed 3d February, 1787:

*Be it enacted,* That if any person or persons, shall after the passing of this act, bring any negro or mulatto slave into this state, for sale, or otherwise, the said negro or mulatto slave is hereby declared free to all intents and purposes. Provided nothing in this act, shall be construed to extend or affect, any person or persons, who may move into this state from any other state, with his or her family, and become residents thereof, or who may be travelling through the same, with his or her servants, or slaves, or any inhabitants of this state moving with his or her family into any other state.

Whereupon the defendants prayed the court to direct the jury, that if they find the above facts to be true, that the said negro was entitled to freedom under the laws of *Delaware,* and the plaintiff in that case cannot sustain his action, and the defendants are entitled to a verdict in their favour. It

is agreed between the parties aforesaid, by their attorneys, that the verdict to be found by the jurors, shall be subject to the opinion of the court on the above prayer and point saved.

H. PAGE, *Attorney for Plaintiff.*<br>JOSIAH BAYLEY, *for Defendants.*

The county court gave judgment for the defendants, *pro forma*, and the plaintiff appealed to this court.

The cause was argued before STEPHEN, ARCHER, DORSEY, CHAMBERS, and SPENCE, Judges.

DORSEY, Judge, delivered the opinion of the court.

The *pro forma* judgment of the court below, we think in this case, ought to be reversed; not because the defence set up by the defendants is inadmissible, between the parties, under the pleadings in this cause, but because the slave in question, under the act of assembly of the state of *Delaware*, is not entitled to her freedom. The design of the proviso or exception in the act of assembly, was to encourage persons removing with their slaves, to settle in Delaware. There could have been no motive with the legislature of the state of Delaware in protecting settlers removing from the state of *Maryland* or *Virginia* in the enjoyment of their rights as slaveholders, which did not apply with equal force to like settlers from the *District of Columbia.* To give to the word " state " in this act of assembly the literal technical import ascribed to it, would be to violate its spirit, the sound and obvious meaning of the law. We do not hold ourselves bound when interpreting its import in reference to rights of property, to give to it the same literal, restricted interpretation, which it has, on some occasions received, when used in reference to a grant of special limited jurisdiction. The judgment of the county court is reversed. Let judgment be entered for the plaintiff according to the agreement of the parties contained in the record.

JUDGMENT REVERSED.